

**SO ORDERED.**

**SIGNED this 11th day of July, 2011.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| SOO BIN KIM | 10-54472-C |
| *DEBTOR* | CHAPTER 7 |
| WAYNE A. CHRISTIAN | |
| *PLAINTIFF* | |
| V. | ADV. NO. 11-5020-C |
| SOO BIN KIM | |
| *DEFENDANT* | |

**MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECONSIDER ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT**

CAME ON for consideration the foregoing matter. The court entered an order in this case denying the defendant's motion to dismiss. That order [#12] stated that the court clearly had subject matter jurisdiction to determine the dischargeability of the indebtedness. The order further stated that the court also had the jurisdiction to liquidate the underlying claim. While no case was cited in that

order, the court was relying on a Fifth Circuit decision to that effect, *In re Morrison*, 555 F.3d 473, 478-79 (5th Cir. 2009). There, the court said that

> the question presented is whether a bankruptcy court, in addition to declaring a debt non-dischargeable, has jurisdiction to liquidate the debt and enter a monetary judgment against the debtor. Several of our sister circuits that have considered this question found that the bankruptcy courts have the power to enter judgment in exactly this manner [citing cases from the 9th, 6th, 8th, and 7th Circuits]. ... [W]hile acknowledging the tension [with the predominant theory of bankruptcy jurisdiction], we too conclude that jurisdiction existed to issue, if not necessarily enforce, the personal judgment against [the debtor].

*Id.* The defendant maintains that the judgment sought here is outside the court's subject matter jurisdiction, based on the so-called "probate exception," which it is said reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate, and precludes federal courts from disposing of property in the custody of a state probate court, all on the theory that only one court at a time should exercise *in rem* jurisdiction over a given *res*. *See Nelms v. Kramer,* 2011 WL 940986 (W.D.Tex. 2011).

According to the amended complaint, the probate court issued an order directing the payment of certain sums to the plaintiff, and there is no dispute that that order is final, nonappealable and so enforceable. Plaintiff maintains that this order results in the creation of a liquidated claim. Defendant counters that, while the order itself was certainly entered, it does not, by its terms, specifically direct the defendant to pay the plaintiff. Instead, it merely directs that the fees be paid "from funds of the estate by the executor." In addition, the amended complaint requests an award of attorneys' fees for collecting this claim.

While the question admits of some dispute, the court is inclined to agree with the defendant that, at least as to the liquidation of this claim, the state probate court ought to decide that question. If there are still assets of the estate in the hands of the executor(s), the probate court will certainly

have continuing jurisdiction over those assets. Even if there are not, the probate court has continuing jurisdiction over questions relating to the liability of executors for breaches of fiduciary duty and the like.

By the same token, however, challenges to the dischargeability of a debtor's claim must be brought in the federal bankruptcy court, even though the state courts superficially have concurrent jurisdiction over any matter falling within the purview of section 1334(b). *See, e.g., In re Hamilton*, 540 F.3d 367, 373 (6th Cir. 2008) (explaining that, though a state court might be free to construe the debtor's discharge, it is not free to get it wrong);[1] *Eastman v. Banker Recovery Services (In re Eastman)*, 2009 Bankr. LEXIS 4352 (Bankr. W.D.Tex. 2009) (citing language from the Fifth Circuit's decision in *National Gypsum*, 118 F.3d, at 1064). Moreover, a debtor is not required to plead "discharge in bankruptcy" in state court as an affirmative defense, even though that defense might otherwise be called for under state procedural rules. *Hamilton*, *supra*. Thus, the question whether any claim that might arise from the alleged failure of the defendant to pay the plaintiff is or is not discharged in bankruptcy is a question that must be answered by this court, not the probate court.

In resolving the bankruptcy question posed, the court may necessarily be called upon to make findings of fact and conclusions of law that might have some preclusive effect in a later state court action. That sort of thing happens frequently (and usually in the opposite direction). That a given matter might have preclusive effect in another forum is no reason to conclude that the court hearing

---

[1] The court quoted *Collier* on the point: "Section 524(a) declares that any judgment on a discharged debt in any forum other than the bankruptcy court is null and void as it affects the personal liability of the debtor ... if a creditor brings a collection suit after discharge, and obtains a judgment against the debtor, the judgment is rendered null and void by section 524(a). The purpose of the provision is to make it absolutely unnecessary for the debtor to do anything at all in the collection action." *Id.,* at 373 (citing *Collier*, at 524-61).

that matter thereby lacks either the jurisdiction or the judicial power to reach the matter. *See Hospitality Ventures/LaVista v. Heartwood 11, LLC*, 314 B.R. 843, 850-51 (Bankr. N.D.Ga. 2004) (discussing the role that abstention plays in federal jurisdiction, as distinguished from the federal courts' *jurisdiction* over a given dispute).

What all of this means for this case is that the order denying dismissal still stands. However, if the court determines in the course of adjudicating this dispute that the claim of the plaintiff requires liquidation, or involves the disposition of assets of the probate estate, then the court will abstain from considering those issues, in favor of the state probate court. The court finds no basis to conclude that it cannot adjudicate the dischargeability question. To the contrary, this is the only court that *should* adjudicate that question.[2]

For these reasons, the court's order [#12] denying the motion to dismiss stands (albeit with the clarifications noted in this decision), and the motion to reconsider is denied.

# # #

---

[2] Defendant has suggested that this court cannot hear any of this matter because it touches on probate issues, and cites the court to the Supreme Court's recent decision in *Stern v. Marshall*, __U.S. ___,2011 WL 2472792 (2011). The defendant overreads that case and its application to this proceeding. Even if the defendant were right, however, the court would be compelled to follow existing Fifth Circuit precedent as set out in *Morrison*, cited *supra*, as this court cannot ignore (much less "overrule") existing binding circuit precedent, even if that precedent is thought to be inconsistent with a later decision by the Supreme Court. Only the circuit itself can overrule its own precedents. *See Matter of Orso*, 214 F.3d 637, 641 n. 5 (5th Cir. 2000), *rev'd on other grounds on rehearing en banc*, 283 F.3d 686 (5th Cir. 2002).